BUFFALO TOOL AND DIE MANUFACTURING CO., INC., Transferor, PETER HOSTA, JR. and ELEANOR HOSTA, Transferees, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.Buffalo Tool & Die Mfg. Co. v. CommissionerDocket No. 6553-77.United States Tax CourtT.C. Memo 1981-457; 1981 Tax Ct. Memo LEXIS 283; 42 T.C.M. (CCH) 841; T.C.M. (RIA) 81457; August 25, 1981. Paul R. Comeau and Victor T. Fuzak, for the petitioners. Louis J. Zeller, Jr., for the respondent. TANNENWALDMEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: On May 27, 1980, we filed our original opinion (74 T.C. 441) in this case in which we disposed of certain severed issues. The sole issue left for decision is the value of 16 1 machines and a group of 1,101 fully depreciated items sold by Buffalo Tool on March 21, 1973. FINDINGS OF FACT The findings of fact set forth in our original opinion are incorporated by reference and are made findings of fact herein. The value on March 21, 1973, of*284 each item in dispute is as follows: Item DescriptionValue70-H6-T G&L Horizontal Boring Mill$ 105,00070-H5-T G&L Horizontal Boring Mill85,0004JE G&L Horizontal Boring Mill#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,0004JE G&L Horizontal Boring Mill#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,000Verson 800 Ton Press-18030130,000Verson 800 Ton Press-18031130,000P&W2-E Jig Bore10,00022-K Blanchard Vertical SurfaceGrinder 1193616,50020-K Blanchard Vertical SurfaceGrinder 1193515,000S-15 K&T Vertical Mill18,000Carlton Radial Drill18,000G&L Numerite Tape Drill5,900Porter Cable Belt Grinder233Model 72 Layout Machine and Table7,600Model 48-A Layout Machine3,800G&L Horizontal Rotary Table5,0001,101 not itemized items53,000OPINION The sole issue presented is the purely factual question of valuation. See Buffalo Tool and Die Manufacturing Co. v. Commissioner, 74 T.C. 441 (1980). The parties jointly request us to value 16 of the items sold by Buffalo Tool to the Syndicate, with respondent also asking us to value 1,101 fully depreciated items. Although we believe the parties could have agreed upon equally "precise" values of each of these items, *285 we herein fulfill our responsibilities. In our prior opinion, we held that the valuation methods proposed by each party would not necessarily be determinative for reasons explained therein. Although we bought neither party's argument "lock, stock and barrel," we did not determine that the time how much weight, if any, would be accorded their allocations. We see no purpose to be served by our indulging in a detailed exposition of the manner in which we arrived at the value of each item set forth in our findings of fact. We think it sufficient to note that we have done the best that we could with a record that reflects a variety of infirmities, particularly infirmities in the testimony of the three witnesses who were offered as being knowledgeable as to the values which the Court is required to determine in the context of the factual situation presented herein. We have, of course, also been guided by the views articulated in our prior opinion. In this connection, we note that we need not wrestle with petitioners' renewed attempt to shift the burden of proof to respondent. Although we continue to adhere to our view that the burden of proof remains with petitioners, 2 (see 74 T.C. at 446,*286 Rule 142(a), Tax Court Rules of Practice and Procedure), we have reached our conclusions on the basis of the entire record before us and without regard to the location of the burden of proof. Initially, we dispose of an evidentiary problem presented by the testimony of Joseph O'Connell, Jr., a member of the purchasing Syndicate, and his contemporaneous notes of the amounts for which the Syndicate expected to resell the items (Exhibit G). Petitioners oppose the admission into evidence of Exhibit G on the ground that the notes constitute hearsay. See Rule 802, Fed. R. Evid.*287 3Exhibit G is a four-page list of the major machines of Buffalo Tool on which O'Connell marked the price he and/or his associates expected to obtain on the resale of each piece of machinery. He testified that he made all of the pencil and blue ink markings on the document. To be sure, the notes on Exhibit G were compiled over a period of time, they reflect in part the opinions of several members of the Syndicate conveyed to O'Connell, i.e., a consensus value, and they constitute the views of only one party to the transaction. But, we think the testimony of O'Connell may well have been sufficient to take Exhibit G, including the notes, out of the hearsay category and make it admissible despite the foregoing infirmities. 4 In any event, we are satisfied that the exhibit is "more probative * * * than any other evidence," which respondent could have procured*288 through reasonable efforts (see our comments, 74 T.C. at 451, regarding the difficulty of respondent's task) and otherwise meets the requirements of section 803 (24), Fed. R. Evid.5 See Karme v. Commissioner, 73 T.C. 1163, 1181 (1980), on appeal (9th Cir. May 5, 1980). Cf. Dallas County v. Commercial Union Assurance Co., 286 F.2d 388, 397 (5th Cir. 1961). We have already indicated that O'Connell's testimony (including Exhibit G and his notes therein) is admissible and we are satisfied that it has probative value. As to Hosta's testimony in support of petitioners' allocation, it is obvious that it has the infirmity of having been colored by the attractiveness of juggling to reduce the amount of depreciation recapture to a minimum. See 74 T.C. at 447-448.*289 Similarly, the testimony of petitioners' expert witness (Schauer) was less than convincing. Although Schauer was undoubtedly familiar with most of the machinery in question, his valuation method was, for the most part, unenlightening and unpersuasive. It is clear that he was not as familiar with the used machinery market as was O'Connell and the method by which he used new machinery prices for 1973 and subsequent years was at best uncertain. The long and the short of the matter is that, under the circumstances herein where we have already indicated our doubts as to respondent's methods of valuation, see 74 T.C. at 450-451, we find ourselves unable to base our decision entirely on the total failure of petitioners to carry their burden of proof. By the same token, we are unwilling to conclude that respondent's values should be accepted in toto. Accordingly, despite our desire in cases such as this to reach a decision which adopts one party's position as against that of the other, see 74 T.C. at 452, we have been unable to adopt this approach in its entirety. We cannot refrain from making one final observation. The Court made strenuous efforts to persuade*290 the parties to settle this case both before and after our prior opinion. A settlement was clearly the appropriate vehicle for disposition of this case in the latter period. But applying the most charitable description of the attitude of counsel for the parties, we can only assume that the talismanic quality of their respective perceptions precluded them from pursuing such a path. We wish that we were as blessed as they obviously consider themselves to be, although we cannot help but note that it took petitioners' counsel 69 pages and respondent's counsel 60 pages of supplemental briefing to articulate their perceptions. When one considers the time, effort, and expense to petitioners and respondent, to say nothing of the Court, it may not be inappropriate to ask "was it all really worth it"? Decision will be entered under Rule 155. Footnotes1. Respondent has conceded the value of a 17th machine, the 615 Q.P. Bed Type Horizontal Spindle Contour Milling Machine, to be $ 160,000.↩2. Petitioners' reliance on language in Silverman v. Commissioner, 538 F.2d 927, 930-931↩ (2d Cir. 1976), affg. a Memorandum Opinion of this Court, to the effect that the burden of proving the correct amount of the deficiency shifts to respondent when petitioner has presented evidence sufficient to show the respondent's determination erroneous, is misplaced. Our earlier opinion in this case did not hold that respondent's determination was necessarily erroneous, but merely that it was not necessarily conclusive in light of other evidence that might be presented.3. The rules of evidence applicable in this Court are the same rules applicable in trials without a jury in the United States District Court of the District of Columbia. Section 7453, I.R.C. 1954↩. The Federal Rules of Evidence are applicable to all trials in United States District Courts. Pub. L. 93-595, 88 Stat. 1929.4. Although O'Connell's testimony as to his notes was primarily by way of deposition, he also testified in person before us and we found him to be a forthright witness. ↩5. In light of our conclusion as to the applicability of section 803(24), we need not deal with respondent's contention that Exhibit G is admissible under Rule 803(5), Fed. R. Evid.↩